**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CASE NOS.  5:08-cr-00332-DAP-1 |
| ) | 5:17-cv-01046-DAP |
| Plaintiff, ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| vs. ) | |
| ) | <u>**OPINION AND ORDER**</u> |
| **SHAWN RIDEOUT,** ) | |
| ) | |
| Defendant. ) | |

On October 22, 2008, Shawn Rideout pled guilty to one count of receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). Mins. of Change of Plea Hearing, Doc #; 17; Indictment, Doc #: 8.

On November 7, 2016, Rideout filed a Motion for Modification of Sentence, pursuant to 18 U.S.C. § 3582, in which he argued his sentence should be reduced because of because of Amendment 801 to the United States Sentencing Guidelines. Doc #: 24. On January 18, 2017, the Court denied that motion. Doc #: 28.

On May 18, 2017, Rideout filed the instant Motion to Vacate, Set Aside, or Correct a Sentence (the "Motion"), pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2255. Doc #: 31. In this Motion, Rideout again argues for re-sentencing based on Amendment 801.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides, in relevant part, "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." U.S.C. § 2255 P. R. 4(b). "A motion

brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir.2001)). Rideout's assertion of a change in the Sentencing Guidelines is none of these three things.[1] Thus, it is plain that Rideout is not entitled to relief pursuant to § 2255.

The All Writs Act (28 U.S.C. § 1651), which Rideout mentions only in the caption of the Motion, is also inapposite. "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). Because § 3582 specifically addresses the type of post-conviction relief Rideout seeks, he cannot use the All Writs Act to challenge his sentence. The mere fact that the applicable statute—i.e., § 3582—does not offer Rideout the relief he seeks does not mean that an extraordinary writ is consequently available to him.

Motion to Vacate, Set Aside, or Correct a Sentence, Doc #: 31, is DISMISSED.

IT IS SO ORDERED.

>  */s/ Dan A. Polster     May 23, 2017*
>  **DAN AARON POLSTER**
>  **UNITED STATES DISTRICT JUDGE**

---

[1] The appropriate vehicle for a request based on Guidelines amendments is generally a motion brought pursuant to 18 U.S.C. § 3582. *See generally United States v. Ray*, No. 11-10029-EFM-1, 2017 WL 1096832, at *1–2, 2017 U.S. Dist. LEXIS 39018, at *3–5 (D. Kan. Mar. 20, 2017) (construing a § 2255 motion as a § 3582(c)(2) for purposes of evaluating a motion seeking a sentencing modification based on Amendment 801). Rideout has already brought, and the Court has already ruled on, such a motion.

-2-